Gabriel Katzner (GK1810)
Katzner Law Group, P.C.
1040 Avenue of the Americas, Suite 1101
New York, New York 10018
(646) 736-7539

Proposed Attorneys for the Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                          Chapter 11

Bajari Restaurant Corp.,                       Case No. 10-16886-alg

                Debtor.
------------------------------------------------------------x

## AFFIDAVIT OF CARMEN CRISPIN PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK    )
                                ) s.s.:
COUNTY OF BRONX      )

      Carmen Crispin, being duly sworn, deposes and says:

      1.      I am President of BAJARI RESTAURANT CORP., a privately held New York corporation. BAJARI RESTAURANT CORP. is the debtor and debtor-in possession in the above captioned chapter 11 case (collectively, the "Debtor"). I am familiar with the day-to-day operations, businesses and financial affairs of the Debtor.

      2.      On December 30, 2010 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

      3.      I submit this Affidavit in accordance with Rule 1007-2 of the Local Rules for the U.S. Bankruptcy Court for the Southern District of New York (the "Local Rules"). All facts set forth in this Affidavit are based upon my personal knowledge, upon my review of the relevant documents or upon information and belief. Unless otherwise indicated, all financial

information submitted with this Affidavit is presented on an unaudited basis.

## THE NATURE OF THE DEBTOR'S BUSINESS

4. The Debtor's principal assets consist of (i) restaurant equipment with an estimated value of $50,000.00 and (ii) a business bank account with New York National Bank. The restaurant equipment is located at 205 East 122nd Street, New York, NY 10035 (the "Property"). The Debtor's principal liabilities include (i) past-due rent related to the Property in the amount of approximately $69,000.00; (ii) an unsecured personal loan with Bank of America with an outstanding balance of approximately $12,000.00; (iii) a judgment in the amount of $10,000.00; and (iv) amounts currently owed to vendors in the aggregate of approximately $3,000.00.

## THE CIRCUMSTANCES LEADING TO THE CHAPTER 11 FILING

5. On or about November 1, 2004, and through the date hereof, Debtor operated a restaurant at the Property. The restaurant is a family business and remained profitable from opening until approximately October 2007.

6. The Debtor was therefore able to maintain the rent due on the Property through approximately October 2007. The income generated from the business materially decreased from approximately Fall 2007 through Fall 2010 due to the ongoing recession. Further, due to a fire at the Property, the Property required material improvements for which the Debtor was required to bear the financial cost. As a result of the foregoing, Debtor had difficulty remaining current with the rent due under its lease of the Property. This resulted in the Debtor being in default under the terms of its lease and the landlord commencing eviction proceedings against the Debtor.

7. As of the date hereof, and for approximately the six (6) months prior to the Petition Date, the business has been profitable. The uptick in the economy, as well as adjustments in how the business is being managed, has led to this rebound in profitability.

## OBJECTIVE OF CHAPTER 11 CASE

8. Debtor believes that the business is a profitable one that, but for the overhanging issue of past-due rent, would only grow and become more profitable with time. The Debtor hopes to work out an arrangement with the landlord, as well as other creditors, whereby (i) past due amounts will be repaid promptly, but in a manner that is financially manageable for the Debtor and (ii) the business will be allowed to continue at the Property.

## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007-2

9. As required by Local Rule 1007-2(a)(3), to the best of my knowledge, information and belief, no committee was formed prior to the Petition Date.

10. As required by Local Rule 1007-2(a)(4), annexed hereto as Exhibit 1 is a list of creditors of the Debtor holding the twenty (20) largest unsecured claims, excluding insiders. Such list includes names, addresses and telephone numbers, the amount of the claim and the nature of the claim subject, however, to certain reservations of rights regarding, among other things, the validity of any such claims.

11. As required by Local Rule 1007-2(a)(5), annexed hereto as Exhibit 2 is a list of the five (5) largest creditors of the Debtor asserting secured claims. Such list includes names, addresses and telephone numbers, the amount of the claim, the nature of the claim and an estimate of the value of the collateral securing the claim subject, however, to certain reservations of rights regarding, among other things, the validity of any such claims.

12. As required by Local Rule 1007-2(a)(6), a summary of the Debtor's assets and liabilities as of the date hereof is summarized in Paragraph 4 as well as in the various Exhibits attached hereto.

13. As required by Local Rule 1007-2(a)(7), the Debtor is not a publicly held company.

14. As required by Local Rule 1007-2(a)(8), to the best of my knowledge, no property

of the Debtor is in possession or custody of any custodian, public officer, receiver, trustee, assignee for the benefit of creditors, mortgagee, pledgee, assignee of rents, secured creditor or any agent for any of the foregoing.

15. As required by Local Rule 1007-2(a)(9), the Debtor currently operates its business from 205 East 122nd Street, New York, NY 10035.

16. As required by Local Rule 1007-2(a)(10), the Debtor's land holdings and books and records are located at 205 East 122nd Street, New York, NY 10035. The Debtor's bank accounts are located at (i) New York National Bank.

17. As required by Local Bankruptcy Rule 1007-2(a)(10), the Debtor does not have any assets located outside of the United States.

18. As required by Local Rule 1007-2(a)(11), a list of the actions pending against the Debtor is annexed hereto as Exhibit 3.

19. As required by Local Rule 1007-2(a)(12), the disclosure requirement regarding senior management is annexed hereto as Exhibit 4.

20. The Debtor will file a complete list of its Schedules, Payment Advices, Statement Disclosing Compensation Paid or To Be Paid to the Attorney for the Debtor and Statement of Financial Affairs within 14 days from the Petition Date.

21. As required by Local Rule 1007-2(b)(1), the estimated amount of weekly payroll to employees is annexed hereto as Exhibit 5.

22. As required by Local Rule 1007-2(b)(2)(B), the Debtor will not be paid for the 30 day period following the filing of the chapter 11 petition.

23. As required by Local Bankruptcy Rule 1007-2(b)(3), a projected budget showing the estimated expenses and income for the thirty (30) day period following the Petition Date is being compiled by the Debtor and will be submitted to the Court within 14 days from the

Petition Date.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Bronx, New York
January 3, 2011

      /s/ Carmen Crispin
Carmen Crispin, President

Sworn to before me this
3rd Day of January, 2011

/s/ Burton Katzner
Burton Katzner
Notary Public, State of New York
No. 4774668
Qualified in Bronx County
Certificate Filed in Bronx County
Commission Expires March 30, 2013

**EXHIBIT 1**

# UNITED STATES BANKRUPTCY COURT
Southern District Of New York

In re <u>BAJARI RESTAURANT CORP.</u>,            Case No. <u>10-16886-alg</u>
      Debtor

                                                          Chapter <u>11</u>

**LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS**

Following is the list of the Debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Estimated amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| Hyco Restaurant Supply<br>967 East 149th Street<br>New York, NY 10455 | Hyco Restaurant Supply<br>967 East 149th Street<br>New York, NY 10455<br>(718) 292-6800 | Trade Debt | | $1,100.00 |
| Jose Polanco<br>C/O Enrique A Leal<br>4222 Broadway<br>New York, NY 10033 | Jose Polanco<br>C/O Enrique A Leal<br>4222 Broadway<br>New York, NY 10033<br>(212) 927-5972 | Trade Debt | | $10,000.00 |
| JP Morgan Chase | JP Morgan Chase | Bank Loan | | $12,000.00 |

| | | | | |
|---|---|---|---|---|
| Bank<br>PO Box 24696<br>Columbus, OH 43224 | Bank<br>PO Box 24696<br>Columbus, OH 43224 | | | |
| New York City Department of Health<br>66 John Street, #13<br>New York, NY 10038 | New York City Department of Health<br>66 John Street, #13<br>New York, NY 10038<br>(212) 504-4041 | Summons | | $6,700.00 |
| New York State Insurance Fund<br>199 Church Street<br>New York, NY 10007 | New York State Insurance Fund<br>199 Church Street<br>New York, NY 10007<br>(212) 312-0070 | Worker's Compensation | | $2,400.00 |
| Taino Towers Management Office<br>2253 Third Avenue, 5th Floor<br>New York, NY 10035 | Taino Towers Management Office<br>2253 Third Avenue, 5th Floor<br>New York, NY 10035<br>(212) 369-3755 | Rent | | $69,000.00 |

**TOTAL $101,200.00**

**EXHIBIT 2**

# UNITED STATES BANKRUPTCY COURT
Southern District Of New York

In re BAJARI RESTAURANT CORP.,
    Debtor

Case No. 10-16886-alg

Chapter 11

**LIST OF CREDITORS HOLDING 5 LARGEST SECURED CLAIMS**

Following is the list of the Debtor's creditors holding the 5 largest secured claims. The list does not include persons who come within the definition of "insider" set forth in 11 U.S.C. § 101. The information herein shall not constitute an admission of liability by, nor is it binding on Debtor. This list reflects amounts as of December 30, 2010. Debtor reserves the right to supplement this disclosure upon further investigation.

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Estimated amount of the claim | (4) Estimate of the value of the collateral securing the claim | (5) Nature of claim (trade debt, bank loan, government contract, etc.) |
|---|---|---|---|---|
| **NONE** (the Debtor does not have any Secured Claims) | N/A | N/A | N/A | N/A |

              **TOTAL**      $0.00

**EXHIBIT 3**

# UNITED STATES BANKRUPTCY COURT
Southern District Of New York

In re <u>BAJARI RESTAURANT CORP.</u>,            Case No. <u>10-16886-alg</u>
    Debtor

                                                                                              Chapter <u>11</u>

**LIST OF ACTIONS PENDING AGAINST THE DEBTOR**

| (1) Caption of suit and case number | (2) Nature of proceeding | (3) Court or agency and location | (4) Status or disposition |
|---|---|---|---|
| East Harlem Pilot Block Building 2HDFC Inc. v. Bajari Inc. Index No. 57542/2009 | Eviction | Civil Court of the State of New York, County of New York | Pending |
| Polanco, Joe vs. Bajari Restaurant Corp. & Crispin, Carmen Index No. CV-039074-08/NY | Dispute re: past-due vendor payments | Civil Court of the State of New York, County of New York | Judgment for Plaintiff |

**EXHIBIT 4**

# UNITED STATES BANKRUPTCY COURT
Southern District Of New York

In re <u>BAJARI RESTAURANT CORP.</u>,            Case No. <u>10-16886-alg</u>
    Debtor

                                                                                          Chapter <u>11</u>

**LIST OF EQUITY SECURITY HOLDERS OF BAJARI RESTAURANT CORP.,**

| Name and Address of Equity Security Holder | Percentage of Ownership Interest |
|---|---|
| Carmen Crispin<br>2253 3rd Avenue, Apartment 3501<br>New York, NY 10035 | 100% |

**EXHIBIT 5**

# UNITED STATES BANKRUPTCY COURT
Southern District Of New York

In re BAJARI RESTAURANT CORP.,          Case No. 10-16886-alg
    Debtor

                                        Chapter 11

**ESTIMATED AMOUNT OF WEEKLY PAYROLL TO EMPLOYEES**

| Position | Weekly Salary |
| --- | --- |
| Cook (morning) | $450.00 |
| Cook (evening) | $450.00 |
| Waitress | $300.00 |